**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

IN RE: DIAZ-PEREZ PABLO

Case No.: 2:26-cv-01127-GMN-MDC

**SERVICE AND APPOINTMENT OF COUNSEL ORDER**

Petitioner Diaz-Perez Pablo, an immigration detainee, has filed what this Court has construed as a *pro se* petition for federal habeas corpus relief under 28 U.S.C. § 2241. (ECF No. 1-1 ("Petition")).  Following a preliminary review of the Petition,[1] the Court first finds that Petitioner has not properly commenced this habeas action by either paying the standard $5.00 filing fee or filing a complete application for leave to proceed *in forma pauperis* ("IFP").[2] Second, the Court finds that the Petition suffers from a procedural defect; namely, Petitioner has not listed the warden of Henderson Detention Center as a Respondent in this action. Third, the Court finds that the appointment of counsel is in the interests of justice, given, among other things, the complexities of this case.[3]  Fourth, because the Petition establishes a *prima facie* case for relief, the Court directs that it be served on the United States Attorney's Office for the

---

[1] The Court exercises its discretion to apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

[2] A $5.00 filing fee is required to initiate a habeas action in a federal district court. 28 U.S.C. § 1914(a). The Court may authorize an indigent prisoner to begin a habeas action without paying the $5 fee if he or she submits an IFP application on the approved form and includes three documents: (a) the prisoner's financial declaration and acknowledgement showing an inability to prepay fees and costs; (b) a financial certificate signed by the prisoner and an authorized prison official; and (c) a copy of the prisoner's account statement for the six-month period prior to filing. *See* 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

[3] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

District of Nevada, given that they will be representing at least one respondent in this matter following the filing of the counseled amended petition.

Accordingly,

**IT IS HEREBY ORDERED** that the Federal Public Defender for the District of Nevada is appointed to represent the Petitioner and is directed to file a notice of appearance (or indicate its inability to represent the Petitioner) within 3 days of the date of this Order.  If the Federal Public Defender is unable to represent the Petitioner, alternate counsel will be appointed.  Appointed counsel will represent the Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

**IT IS FURTHER ORDERED** that if the Federal Public Defender files a notice of appearance in this matter, it will then have 7 days to (1) file a motion to proceed IFP or pay the $5 filing fee on behalf of the Petitioner and (2) file an Amended Petition.  The Federal Public Defender shall effectuate service of the Amended Petition on the Respondents.

**IT IS FURTHER ORDERED** that the Clerk of the Court is kindly directed to:

1. **ADD** the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party.  Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

2. **ADD** Reggie Radar to the docket as an Interested Party and SEND Christian Orme a copy of the Petition (ECF No. 1-1) and this Order to christian.orme@cityofhenderson.com.

3. **SEND** a copy of the Petition (ECF No. 1-1) and this Order to the Federal Public Defender at ecf_nvchu@fd.org, Petitioner, and the CJA Coordinator for this division.

**IT IS FURTHER ORDERED** that the United States Attorney's Office for the District of Nevada file a notice of appearance within 7 days of the date of this Order and file and serve their answer to the Amended Petition within 7 days of service of the Petitioner's counseled Amended Petition.  The Respondents must file with their answer any documents reference or relied upon in their responsive pleading.[4]  The Petitioner will then have 7 days to file a reply.

**IT IS FURTHER ORDERED** that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible.  Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension.  Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.  The Court is not inclined to look favorably on requests for extensions beyond the first request.

**IT IS FURTHER ORDERED** that in order to maintain jurisdiction and provide a prompt resolution, the Respondents shall not transfer Petitioner out of this District unless the Court grants a motion of stipulation to modify this order.[5]

**DATED** this __14__ day of April, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[4] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'") (citing 28 U.S.C. § 2243).
[5] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").