**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PABLO DIAZ-PEREZ,

      Petitioner,

 vs.

REGGIE RADAR, *et al.*,

      Respondents.

Case No.: 2:26-cv-01127-GMN-MDC

**ORDER GRANTING AMENDED § 2241 PETITION**

   Pending before the Court is Petitioner Pablo Diaz-Perez's Amended Petition for Writ of Habeas Corpus, (ECF No. 11).  Respondents Todd Blanche, Ruben Leyva, Todd M. Lyons, and Markwayne Mullin filed a Non-Opposition to the Amended Petition, (ECF No. 15).[1]  Because Petitioner has demonstrated that his detention is unconstitutional, the Court GRANTS his Amended Petition and orders his release.

**I. LEGAL STANDARD**

   The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  A district court's habeas jurisdiction

---

[1] While the document is titled "Federal Respondents' Non-Opposition to Petitioner's First Amended Petition," the filing on CM/ECF is titled "Response to Amended Petition."  Per Local Rule IC 2-2, the "filer is responsible for designating the accurate title of a document filed in the electronic filing system."  Here, the filing on the docket did not make Respondents' lack of opposition clear.  Respondents are reminded that they must comply with LR IC 2-2 moving forward.

includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## II.  **DISCUSSION**

Petitioner is 79 years old and has been in ICE custody for the past four months. (Reply 2:5, ECF No. 17).  He was ordered removed on April 4, 2002, and was subsequently held in ICE detention for approximately one year. (Am. Pet. 2:2–10, ECF No. 11).  When the government was unable to remove him to Cuba, his country of origin, he was released on an order of supervision. (*Id.* 4:13–20).  Petitioner was taken back into ICE custody on January 4, 2026. (*Id.* 4:21–22).

Petitioner contends that his removal is not likely to happen in the reasonably foreseeable future.  Federal Respondents agree, explaining that "it has been unfeasible to effectuate" his removal "due to the conditions in Cuba and the inability to obtain travel documents for the removal's effectuation, the failure of the Cuban government to accept its citizens who previously fled the country and were ordered returned, and other factors." (Resp. 1:17–23, ECF No. 15).  Respondents thus do not oppose relief on the grounds that there is no significant likelihood of removal in the foreseeable future, the standard defined by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).  The Court agrees that Petitioner has shown that he is being unconstitutionally detained under the standard articulated in *Zadvydas*, 533 U.S. 678. Accordingly, the Court grants the Amended Petition for Writ of Habeas Corpus and orders Petitioner released from detention.

Additionally, Federal Respondents provide no response to Petitioner's argument that he has a due process right to receive meaningful notice and an opportunity to present a fear-based claim to an IJ before being deported to a third country.  A lack of response constitutes a consent to granting the motion. *See* LCR 47-3.  The Court incorporates its reasoning from *Cavieres Gomez v. Mattos*, 817 F. Supp. 3d 1002, 1012–13 (D. Nev. 2025), and finds that Petitioner has

a due process right to receive meaningful notice and opportunity to present a fear-based claim to an immigration judge before DHS deports him to a third country.  The Court therefore grants Petitioner's requested injunctive relief on this basis.

The Court also notes that Federal Respondents have been aware since at least May 11, when they filed their Non-Opposition, that they had no legal justification for detaining Petitioner.  Astoundingly, Respondents own I-213 form, dated January 27, 2026, acknowledges there was no possibility of effectuating Petitioner's 2002 removal order. (I-213 at 3, Ex. A to Resp., ECF No. 15-1) (explaining that ICE has been unable to remove him "as his case has no [significant likelihood of removal in the reasonably foreseeable future]").  Respondents were seemingly aware that his detention was unconstitutional on the day he was detained by ICE, and were undoubtedly aware that his detention was unconstitutional by May 11.  They have admitted that Petitioner has been unconstitutionally detained for four months.  Yet, they have taken no action to release Petitioner since becoming aware of this fact.  Instead, they are apparently awaiting an order from this Court to tell them what they have already admitted: Petitioner is being unconstitutionally detained.  "It is a dark day in our constitutional democracy when the United States government can identify no basis for a human being's ongoing imprisonment in response to a habeas petition but nevertheless continues to detain them." *Yanes-Quijada v. Mattos*, 2:26-cv-01221-RFB-NJK, Minute Order at ECF No. 16.

III.    **CONCLUSION**

**IT IS HEREBY ORDERED** that the Amended Petition, (ECF No. 11), is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner must be released from detention by **Tuesday, May 19, 2026, at 4:00 P.M.** subject to the conditions of his prior order of supervision. *See* 8 U.S.C. § 1231(a)(3).

**IT IS FURTHER ORDERED** that the parties must file a Joint Status Report no later than May 20, 2026, to certify compliance with the Court's order.

**IT IS FURTHER ORDERED** that Respondents are enjoined from re-detaining Petitioner in the future absent proof of changed circumstances making his removal reasonably foreseeable.

**IT IS FURTHER ORDERED** that Respondents are enjoined from removing Petitioner to a third country without providing Petitioner with adequate notice of intent to seek removal to a third country and due process in the form of an opportunity to reopen Petitioner's immigration court proceedings to seek fear-based relief from removal.

Counsel for Respondents are directed to immediately provide notice of this Order to the parties they represent.

**DATED** this __19__ day of May, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court